# STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA
## REPORT OF ACTION TAKEN
### MEETING OF CREDITORS

**In re:**

**AMILCAR NORAT COLLAZO**  Case No.  **18-03605-BKT**

Chapter 13  Attorney Name:  **ALEXANDRA BIGAS VALEDON ***

| I. Appearances | | | |
|---|---|---|---|
| **Debtor** | [X] Present | [ ] Absent | |
| **Joint Debtor** | [ ] Present | [ ] Absent | |
| **Attorney for Debtor** | [X] Present | [ ] Absent | |
| [ ] Prose | | | |
| [ ] Appearing: | | | |

**Date & Time:**   8/1/2018   1:52:00PM

[X] R    [ ] NR    LV:  0.00

[X] This is debtor(s) 1 Bankruptcy filing.

**Creditors:**

**II. Oath Administered**

[X] Yes          [ ] No

**III. Plan**

Date:   07/23/2018       Base:       $30,000.00    Payments 0 made out of 1 due.

**Confirmation Hearing Date:**       9/7/2018   2:30:00PM

**Evidence of Pmt shown:**     Yes

**Attorney's fees as per R. 2016(b)**

   $3,000.00   -  $500.00    =  $2,500.00

**IV. Status of Meeting**

[X] Closed       [ ] Not Held       [ ] Held/Continued

[ ] Held/Not Closed

[ ] Continued

**Continued Date:**

**Comments:**

[ ] M.T.D. to be filed by Trustee: Debtor(s) failed to:  [ ] Appear: [ ] Commence payments

[ ] Keep payments current [ ] does (do) not qualify as a debtor (§109):

[ ] MTD Already filed, see Docket:

[ ] Other:

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

AMILCAR NORAT COLLAZO                    Case No.   18-03605-BKT

                              Chapter 13        Attorney Name:   ALEXANDRA BIGAS VALEDON *

|  | (Cont.) |
|---|---|
| **Trustee's Report on Confirmation** | |
| [ ] FAVORABLE | |
| [X] UNFAVORABLE | |

| | |
|---|---|
| [ ] Feasibility<br>[ ] Insufficiently funded<br>[ ] Unfair discrimination<br>[ ] Fails disposable income<br>[ ] Fails liquidation value test<br>[ ] Insuarence quote | [ ] No provision for secured creditor(s)<br><br>[X] Tax returns missing<br>   [X] State  -  years 2017 State Tax Returns<br><br>[ ] Federal  -  years |

**Pending/Items/ Documents:**

| | |
|---|---|
| [X] DSO Recipient's Information<br>Pending Waiver.<br>[X] Evidence of being current with DSO<br><br>[ ] Evidence of income | [ ] Monthly reports for the months<br><br>[ ] Public Liability Insurance<br>   [ ] Premises<br>   [ ] Vehicle(s):<br>   [ ] Licenses issued by: |

STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA
REPORT OF ACTION TAKEN
MEETING OF CREDITORS

In re:

AMILCAR NORAT COLLAZO          Case No.   18-03605-BKT

         Chapter 13     Attorney Name:   ALEXANDRA BIGAS VALEDON *

**Trustee's objection to confirmation**

[ ] Objection to Confirmation
[ ] Oral objection by creditor

1. DOMESTIC SUPPORT OBLIGATION, (Recipient(s) data §1302(b)(6)):
Pending debtor's motion requesting entry of order requesting waiver regarding DSO information. Per debtor's motion he has no communication with one of his child's mother Ms. Norma Miranda Rivera nor his child. If Court grants debtor's motion, this will going to be an issue anymore.

2. DOMESTIC SUPPORT OBLIGATION, (Post-petition §1325(a)(8)): Debtor has 3 DSO account(s): $1,100.00 monthly. Per Bankruptcy Code, as of the confirmation hearing date, he must file evidence with the court of being current in the DSO payments that became due post-petition.

NOTE: Ask to debtor how much he pays for each account. Also, he has to address whether he has an account with Ms Norma Miranda and another one with one of his child Amilcar Norat Mirando or it is the same account for both. In one hand debtor requests DSO waiver as to Ms. Norma Miranda and in the other one debtor listed his child Amilcar Norat Miranda as a creditor, also, he includes his child postal address.

3. OTHER:
a. Per Schedule "E" debtor listed postal address for Amilcar Norat Miranda. Does this is the child that debtor informs he has no contact in the motion requesting DSO Waiver?
b. Part 4.3 of the plan disclose balance of atty fees paid pre-petition of $750.00 with an outstanding balance of of $2,250.00, however, per disclosure of compensation is $500.00 with a balance of $2,500.00. Trustee informs that per SOFA line 16 pre-petition fees paid by the debtor was $500.00. Retainer was $750.00

5. FAILS DISPOSABLE INCOME TEST, §1325(b)(1)(B):
Debtor works for his own corporation and receives weekly paychecks. His only payroll expenses are taxes. In the SCMI Form 122C-2 at line 43 debtor discloses business expenses of $6,706.21. If this expense is eliminated case would have an unsecured pool of approximately $213.97 by 60 months = $12,838.20. Why is debtor entitle to claim business expenses of his corporation. Also, he is not provided evidence of incurring in such expenses.
The following party(ies) object(s) confirmation:

s/Elvis Cortes                                              Date:   08/01/2018

**Trustee/Presiding Officer**                                         (Rev. 05/13)