## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

IN RE:                                            CASE NO.      18-03605 MAG

AMILCAR NORAT COLLAZO

Debtor                                            CHAPTER      13

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

## DEBTOR'S OBJECTION TO CLAIM NO. 6

TO THE HONORABLE COURT:

NOW COMES the debtor herein, *Amilcar Norat Collazo*, by his undersigned attorney who very respectfully ALLEGES AND PRAYS:

1.     On May 4th, 2022 and more than 4 years after debtor filed the present case, creditor Sandra L. Gonzalez claims that the amount of $91,238.56 is owed regarding child support obligation.

2.     Debtor herein filed the present bankruptcy petition precisely to cure child support obligations he had in arrears regarding his other children due to financial difficulties and failed businesses.

3.     After a Sentence was entered in case number G AL2009-0212, First Instance Court of the Guayama Ward, debtor and creditor reached an extrajudicial agreement where debtor would have no visitation rights nor any relationship with the kids creditor and debtor had in common due to the fact that creditor Sandra L. Gonzalez Colon did not approve of debtor's behavior and living conditions and did not want their kids around Mr. Norat.

4.     Debtor failed to notify creditor of the bankruptcy proceeding since no amount is owed. On the other hand, even not knowing of the bankruptcy proceeding, for more than 10 years, Creditor has never taken advantage of the legal remedies available to collect child support obligation taking into consideration that she did not know of the bankruptcy proceeding.

5.     Creditor never filed a motion in any state court nor ASUME since the 2009 sentence, requesting an order for failure to maintain or even cure arrears regarding the child support obligation. Creditor knew where to find debtor, has the economic means and even has his

telephone number. Please refer to the evidence attached hereto.

6. As of this date, debtor still pays for one of creditor's cell phones.

7. The only error committed by the debtor herein is that he failed to have the extrajudicial agreements filed with the court that would prevent any future judgements like the one creditor is seeking now after more than 10 years.

8. Debtor filed the present bankruptcy petition in good faith and will not argue the applicability of any legal reasoning regarding the treatment for child support obligations in the bankruptcy proceeding and agrees with the motion filed by the trustee. Nevertheless creditor's failed actions for so long demonstrate that in fact no amounts were owed as of the date of the filing and what appears is that for some unknown reason, creditor has had a change of mind and wishes to go against her own acts and verbal agreements. In cases like *MMB Dev. Grp., Ltd. v. Westernbank P.R.*, 762 F. Supp. 2d 356, 360 (D.P.R. 2010), the civil law doctrine that no party is allowed to go against its own acts finds its counterpart in the common law doctrine of estoppel. The elements for a cause of action under this doctrine are: (a) A certain behavior of a subject, (b) that he has given life to a situation contrary to reality, that is, apparent and, through such appearances, may influence the behavior of others and (c) that it be the basis of the trust of another party which has acted in good faith and that, for that reason, has acted in a manner which would cause him prejudice if his trust was defrauded.

9. Debtor is fully aware of compelling interest of the state regarding child support obligations and the dispositions in the Bankruptcy Code. Nevertheless it is clear that creditor either not needed the money to support her children or in fact there was a legal extrajudicial agreement between the parities. Creditor's careless action to have waited such a long time to act upon an alleged considerable amount owed in child support payments demonstrate lack of interest or necessity.

10. Debtor maintains that creditor is going against her own acts, owes nothing to said creditor and her actions are evident since her current collection actions, could have been claimed more than ten years ago when the arrears allegedly started to accumulate.

## NOTICE

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may – in its discretion – schedule a hearing.

WHEREFORE debtor respectfully requests from this Honorable Court to consider the allegations stated above, creditor's claim be denied and all other remedies that are just and proper be granted for the continuation of the proceedings.

I HEREBY CERTIFY on this same date I electronically filed the foregoing document with the clerk of the court using the CM/ECF System which will sent notification of such filing to: US Trustee; Alejandro Oliveras Rivera, Chapter 13 Trustee, Válery Alicea Cáceres legal counsel for creditor at valicea@lra-law.com; and all parties in interest that are non CM/ECF participants as of the creditor matrix attached hereto.

In San Juan, Puerto Rico this 22nd day of June, 2022.

MODESTO BIGAS LAW OFFICE
Attorneys for Debtor
P.O. Box 7462
Ponce, P.R. 00732-7462
Tel. 844-1444; Fax 842-4090

/s/ Alexandra Bigas Valedon
ALEXANDRA BIGAS VALEDON
U.S.D.C. NO. 220109
alexandra.bigas@gmail.com

# UNSWORN STATEMENT UNDER PENALTY OF PERJURY

I, **AMILCAR NORAT COLLAZO**, of legal age, single and resident of Coamo, PR, DECLARE UNDER PENALTY OF PERJURY that:

1.  My name and personal circumstances are as above mentioned.

2.  I make this Unsworn Statement with the purpose of establishing the reasons why payments regarding child support payments were not made.

3.  Judgement regarding child support payments was entered on June 2009, where I had agreed to pay the monthly amount of $700.00 as well as fifty percent (50%) of medical expenses not covered by the health plan.

4.  As of that date, I had arrears in the amount of $11,000.00. I agreed to pay a $300.00 monthly amount to cover those arrears plus the regular child support payment.

5.  Months after the judgement was entered, we reached an extrajudicial agreement where I was banned from any parental relationship with my kids in exchange of my release from any child support obligation and or arrearage.

6.  This request was made by Ms. Sandra L. González due to the fact that she did not agree with my way of life and did not want any of my influence on my kids.

7.  Even before the divorce judgment was entered, I paid and continue to pay Ms. Sandra L. González's cell phone, she knows where I live and knows how to get in touch with me at all times. She has not.

8.  I could have requested a modification of child support payments when I was unemployed, included any arrears in my current bankruptcy petition or any other type of negotiation, but did not. In more than 12 years, she has failed to make any attempt to collect the child support obligation.

9.  I make this Unsworn Statement with the purpose of establishing the above.

In Ponce, Puerto Rico this 26th day of May 2022.

_____
**AMILCAR NORAT COLLAZO**

**18-03605-EAG13** AMILCAR NORAT COLLAZO
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **US BANKRUPTCY JUDGE:** EDWARD A GODOY
**Date filed:** 06/27/2018 **Date of last filing:** 06/17/2022 **Plan confirmed:** 10/15/2018

# Creditors

**ALEXANDRA BIGAS VALEDON**
PO BOX 7462
PONCE PR 00732
(4602096)
(cr)

**ALL INTERIOR INC**
P O BOX 10518
SAN JUAN PR 00922
(4602097)
(cr)

**AMILCAR A. NORAT MIRANDA**
PALMA REAL SAGRADO CORAZON APT. 611
PONCE PR 00716
(4602098)
(cr)

**AMILCAR NORAT COLLAZO**
35 CALLE JUAN C BORBON
SUITE 65 APARTADO 136
GUAYNABO PR 00969
(4602095)
(cr)

**ARMANDO TROCHE**
APARTADO 2188
COAMO PR 00769
(4602099)
(cr)

**ASUME-GISELA COLON SANTIAGO**
PO BOX 71316 SAN JUAN PR 00936-8416
(4616382)
(cr)

**ASUME-NORMA MIRANDA RIVERA**
PO BOX 71316 SAN JUAN PR 00936-8416
(4616385)
(cr)

**AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADO**
P O BOX 70101
SAN JUAN PR 00936
(4602100)
(cr)

**AUTORIDAD DE ENERGIA ELECTRICA**
PO BOX 363508
SAN JUAN PR 00936-3508
(4602101)
(cr)

**CONCRETE TECK**
P O BOX 370
BARRANQUITA PR 00794
(4602102)
(cr)

**DEPT DE TRANSPORTACION Y OBRAS PUBLICAS**
P O BOX 7266
PONCE PR 00732
(4602103)
(cr)

**FIRST PREMIER BANK**
P O BOX 5529
SIOUX FALLS SD 57117
(4602104)
(cr)

**GISELA COLON**
(4602105)

P O BOX 1625
COAMO PR 00769

(cr)

**JEFFERSON CAPITAL SYSTEMS LLC**
PO BOX 7999
ST CLOUD MN 56302

(4602106)
(cr)

**LIBERTY**
P O BOX 192296
SAN JUAN PR 00919

(4602107)
(cr)

**MARBLE SHOP**
35 CALLE JUAN C BORBON SUITE 297
GUAYNABO PR 00969

(4602108)
(cr)

**MARINA PDR OPERATIONS, LLC**
4900 CARR. NO. 3
FAJARDO PR 00738-4067

(4602109)
(cr)

**PR TELEPHONE**
P O BOX 71401
SAN JUAN PR 00936

(4602110)
(cr)

**PREPA - BANKRUPTCY OFFICE**
PO BOX 364267
SAN JUAN PR 00936

(4615079)
(cr)

**RICHARD A. VITO**
URB. SANTA ISIDRA III
WASH N POST PMB 13
FAJARDO PR 00738-4274

(4602111)
(cr)

**SANDRA L. GONZALEZ COLON**
URB VERSALLES
B5 1ST
BAYAMON PR 00959

(5001875)
(cr)

**VENTOR CORP**
P O BOX 2727
CAROLINA PR 00984

(4602112)
(cr)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/23/2022 08:28:07 | | | |
| **PACER Login:** | bigasalex | **Client Code:** | |
| **Description:** | Creditor List | **Search Criteria:** | 18-03605-EAG13 Creditor Type: All |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |